IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                                     No. CV 10-0297 MCA/ACT
                                                                     CR 03-2486 MCA

GERARDO CORCHADO,

       Defendant.

MEMORANDUM OPINION AND ORDER FOR TRANSFER

       This matter is before the Court on Defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (CV Doc. 1; CR Doc. 95), construed herein as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Defendant alleges that he will be deported after he is released from incarceration. The basis of his habeas corpus claim is that the Bureau of Prisons intends to detain him beyond his term of imprisonment rather than transferring him to the custody of immigration authorities. Because he challenges only his post-prison-term detention, and not his conviction or sentence, the relief he seeks must be pursued in a habeas corpus petition under § 2241. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (discussing petitions under § 2241 as "habeas challenges to present physical confinement–'core challenges' ").

       Defendant is confined at FCC Yazoo (Med.) at Yazoo City, Mississippi, in the Southern District of Mississippi. He must prosecute his § 2241 habeas corpus petition in the district where he is confined. *See Rumsfeld*, 542 U.S. at 443; *United States v. Buck*, No. 99-2129, 1999 WL 811685, at **2 (10th Cir. Oct. 12, 1999) ("A petition under 28 U.S.C. § 2241 . . . must be filed in the district where the prisoner is confined."); *United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir. 1986). Under *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000), this Court has taken a "peek

at the merits" of Defendant's claims to determine whether to transfer or dismiss the petition. Assuming the truth of Defendant's allegations, *see* Fed. R. Civ. P. 12(b)(6); *Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006), the Court concludes that the matter should be transferred to the United States District Court for the Southern District of Mississippi.

IT IS THEREFORE ORDERED that the Clerk is directed to transfer the captioned civil proceeding to the United States District Court for the Southern District of Mississippi;

IT IS FURTHER ORDERED that Defendant's motion (Doc. 95) in the criminal proceeding is DISMISSED as moot.

                                              UNITED STATES DISTRICT JUDGE