# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**GERARDO CORCHADO, #26335-051**                                   **PETITIONER**

**VERSUS**                                      **CIVIL ACTION NO. 5:10-cv-51-DCB-MTP**

**UNITED STATES OF AMERICA**                                        **RESPONDENT**

## MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Corchado, an inmate at the Federal Correctional Complex, Yazoo City, Mississippi, filed this Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, on April 5, 2010.[1] Upon review of the Petition [1] and Memorandum in Support [2] filed by Petitioner Corchado, the Court has reached the following conclusions.

## Background

Petitioner states that he was convicted of distribution of less than 100 grams of heroin in the United States District Court for the District of New Mexico, on October 7, 2004. *U.S. v. Corchado*, 1:03-cr-2486 (D. NM Oct. 7, 2004). Petitioner is currently serving an 87- month sentence within the Bureau of Prisons (BOP) for this conviction. Petitioner states that his current projected release date is July 20, 2010. Petitioner complains that immigration authorities have lodged a detainer against him, which he alleges will result in the BOP illegally detaining him beyond the term of imprisonment that was imposed by the federal sentencing court. As relief

---

[1] Petitioner initially filed this case as a Motion to Vacate pursuant to 28 U.S.C. § 2255, in the United States District Court for the District of New Mexico. The District of New Mexico determined the petition was seeking relief pursuant to 28 U.S.C. § 2241, and transferred the case to this Court on April 5, 2010.

Petitioner is seeking a court order directing the BOP to transfer him to an "immigration detention center site to await deportation proceedings" either before or immediately after his federal sentence is completed. *Pet.* [1], p.4.

Analysis

"An individual may seek habeas relief under § 2241 if he is 'in custody' under federal authority or for a violation of federal law." *Rosales v. BICE*, 426 F.3d 733, 735 (5th Cir. 2005)(citing 28 U.S.C. § 2241(c)). Although physical detention is not required for a petitioner to meet the "in custody" prerequisite for habeas relief, a restraint on one's liberty must exist. *Rumsfeld v. Padilla*, 542 U.S. 426, 437 (2004); *see also Rosales*, 426 F.3d at 735.

Initially, the Court notes that the "filing of a detainer is an informal procedure in which the INS informs prison officials that a person is subject to deportation and requests that officials give the INS notice of the person's death, impending release, or transfer to another institution." *Zolicoffer v. United States DOJ,* 315 F.3d 538, 540 (5th Cir. 2003). The Fifth Circuit has clearly held that "prisoners are not 'in custody' for purposes of 28 U.S.C. § 2241 simply because the INS has lodged a detainer against them." *Id.* at 541; *see also Zamarripa- Torres v. BICE*, 2009 WL 2981901, *1 (5th Cir. 2009)(since petitioner was "not in custody under the detainer," the district court did not have jurisdiction under § 2241 to consider petitioner's challenges to the [BICE] detainer). Petitioner Corchado fails to assert any allegations to establish that he is presently "in custody under the detainer" or in the custody of the Bureau of Immigration and Customs Enforcement (BICE). The Petitioner merely claims that a detainer has been lodged

against him by the immigration authorities in order to effectuate his deportation proceedings.[2] Therefore, this Court may not consider any claims the Petitioner may be asserting regarding his immigration detainer in this habeas petition.

As stated above, Petitioner is currently in the custody of the Bureau of Prisons serving an 87- month term of imprisonment, therefore any claims regarding the execution of his federal sentence are properly pursued in a § 2241 petition. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). However, federal courts are restricted by the Constitution to adjudicating actual "cases" and "controversies." *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000). In order to ensure that an actual controversy of constitutional proportion exist, the courts have employed the use of the "ripeness" doctrine. *Id.* ("Ripeness separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for judicial review."). It is clear that "[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998). Accordingly, the mere possibility or belief of the Petitioner that the BOP will extend or prolong his criminal sentence beyond the imposed term of imprisonment is not ripe for adjudication. *Id., see Gray v. Johnson*, 1998 WL 224065, *1 (5th Cir. Apr. 13, 1998)(court dismissed unripe sentence execution claims stating any dispute between inmate and custodian had not "ripened into the definite and concrete controversy necessary for

---

[2] Although Petitioner does not claim that a final order of deportation or removal has been issued, the Court notes that "the REAL ID Act has divested federal courts of jurisdiction over § 2241 petitions attacking removal orders." *Zamarripa- Torres v. BICE*, 2009 WL 2981901, *1 (5th Cir. 2009)(citing *Rosales v. BICE*, 426 F.3d 733, 736 (5th Cir. 2005)). A petitioner's "sole means of obtaining judicial review" of a final order of removal is "to file a petition for review in the appropriate court of appeals." *Id.*

the adjudication" of inmate's claim); *see also Osayande v. INS,* 66 Fed App'x 525 (5th Cir. 2003)(court held inmate seeking waiver of deportation prior to commencement of removal proceedings was not "ripe for review" or "justiciable" because the event had not yet occurred).

Furthermore, § 2241 does not authorize this Court to transfer the Petitioner to another BOP correctional facility or to the custody of the Bureau of Immigration and Customs Enforcement. *See Hernadez v. Garrison*, 916 F.2d 291, 293 (5th Cir.1990)(the injunctive remedy of transfer to another correctional facility "is not a proper subject for a habeas corpus petition"); *United States v. Williams*, 65 F.3d 301, 307 (2d Cir.1995)(Bureau of Prisons has "sole discretion" to determine where a federal inmate will be housed); *see also Antonelli v. Mukasey*, 2008 WL 1790380, at *1 (5th Cir. Apr. 18, 2008)(federal inmate requesting transfer to a BOP facility within Minnesota was "not entitled to declaratory, injunctive, mandamus, or habeas relief"). As noted by the Fifth Circuit, the only function of habeas corpus is "to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Torres v. Chapman*, 359 Fed. App'x 459 (5th Cir. 2009)(citing *Pierre v. United States*, 25 F.2d 933, 936 (5th Cir. 1976)). Therefore, the Court will not issue an order directing the transfer of the Petitioner to an immigration detention center.

## Conclusion

As explained above, the Petitioner is not "in custody" for purposes of asserting habeas claims regarding the detainer lodged by immigration authorities; any claims regarding the mere possibility that the BOP will extend Petitioner's 87- month sentence of incarceration beyond his release date are not ripe for adjudication; and finally, this Court can not grant the requested relief of a transfer to an immigration detention center in this habeas petition. Therefore, this Petition

4

for habeas corpus relief pursuant to 28 U.S.C. § 2241 will be denied.[3]

A Final Judgment in accordance with this Memorandum Opinion shall be issued.

SO ORDERED, this the  14th   day of June, 2010.


                                   s/David Bramlette
                                   UNITED STATES DISTRICT JUDGE

---

[3] Petitioner's unripe sentence execution claims will be dismissed without prejudice and Petitioner's remaining claims will be dismissed with prejudice. *See Gray v. Johnson*, 1998 WL 224065, *1 (5th Cir. Apr. 13, 1998)(dismissal of unripe sentence execution claims modified to be "without prejudice to allow [petitioner] to bring his claim once the controversy is ripe").